**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1500**

JOHNNY NEWBILL,

                Plaintiff - Appellant,

        v.

WASHINGTON GAS LIGHT COMPANY,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:07-cv-01019-LO-TCB)

Submitted:  April 22, 2010          Decided:  April 26, 2010

Before TRAXLER, Chief Judge, and KING and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ardra M. O'Neal, THE O'NEAL FIRM, LLP, Washington, D.C., for Appellant.   L. Edward Funk, WASHINGTON GAS LIGHT COMPANY, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Newbill, an African-American male, appeals from the district court's adverse grant of summary judgment and dismissal of his action alleging that his employer, Washington Gas Light Company, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (2006), and 42 U.S.C. § 1981 (2006), allegedly based upon his race. Specifically, Newbill alleges on appeal that he was discriminated and retaliated against relative to assignment of work resulting in reduced payment of overtime, and that he was subjected to a racially hostile work environment. Our review of the record and the district court's opinion discloses that this appeal is without merit.

We conclude that the district court correctly determined that Newbill failed to establish a prima facie case of either discrimination, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004), or retaliation, see King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003). Specifically, Newbill produced no evidence of any adverse employment action. As the district court noted, Newbill received no decrease in pay, job title, level of responsibility, or loss of opportunity for promotion. In fact, the record

2

reflects just the opposite—his salary and overtime pay increased steadily over the years and is commensurate with his fellow Caucasian coworkers,[1] he continues to perform union-eligible Grade 8 duties, he holds the highest level union-eligible job available under his union contract and receives the highest pay available for that job, he has no disciplinary reports on his record, and he remains an active Washington Gas union-eligible employee. Newbill's own, unsubstantiated claims of discrimination, retaliation, and a hostile work environment[2] are insufficient to withstand summary judgment. See, e.g., Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (noting that "[c]onclusory or speculative allegations do not suffice" to demonstrate a genuine issue of material fact).

Accordingly, we affirm the district court's adverse grant of summary judgment and dismissal of Newbill's action. We

---

[1] Specifically, relevant to the overtime issue, Newbill had approximately the same amount of overtime as other Washington Gas Senior Welders and, since, 2004 his overtime earnings increased yearly, except for 2008, which minimal decrease easily is accounted for by time Newbill was unable to work for health reasons. In fact, review of Newbill's overtime earnings records reflects that his overtime pay increased from several thousands of dollars per year in 2003 to over five times that amount in 2008.

[2] Newbill has provided no evidence of conduct by the employer that demonstrates that his work conditions were sufficiently extreme to establish an actionable hostile work environment claim. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

3

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED